Pfeifer, J.,
dissenting.
*452 Victoria E. Ullmann, for petitioners.
Michael DeWine, Attorney General, and Aaron D. Epstein and Pearl M. Chin, Assistant Attorneys General, for respondents.
{¶ 8} I would sua sponte convert this action to a mandamus action and grant an alternative writ to begin the briefing process. It is my long-held view that this court has not only the constitutional power but also the responsibility to exercise original jurisdiction in matters that demand early resolution. Although the granting of writs of mandamus and prohibition to determine the constitutionality of statutes is “ ‘limited to exceptional circumstances that demand early resolution,’ ” this court has accepted for exceptional review cases involving statutes that had comprehensive reach and wide impact. State ex rel. Ohio AFL-CIO v. Ohio But. of Workers’ Comp., 97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981, ¶ 12, quoting State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 515, 715 N.E.2d 1062 (Pfeifer, J., concurring); see also State ex rel. Ohio AFL-CIO v. Voinovich (1994), 69 Ohio St.3d 225, 631 N.E.2d 582.
{¶ 9} This is such a case. Like Voinovich, this case challenges the constitutionality of legislation that makes significant changes to the organizational structure of state government but does not involve a complex factual scenario that would benefit from the development of a record in a trial court. We would be serving the interests of the state and of judicial economy by addressing petitioners’ claims now.